# Barley Snyder

ATTORNEYS AT LAW

213 MARKET STREET, 12TH FLOOR
HARRISBURG, PA 17101
TEL (717) 231-6603  FAX (717) 344-5373
WWW.BARLEY.COM

**Stephanie E. DiVittore, Esquire**
Direct Dial Number: (717) 237-6781
E-mail: sdivittore@barley.com

June 10, 2022

Via ECF

The Honorable Jennifer P. Wilson
United States District Court for the Middle
District of Pennsylvania
Ronald Regan Federal Building &
United States Courthouse
228 Walnut Street
Harrisburg, PA 17101

Re: Miller v. Thor Motor Coach, Inc. et al., Docket No. 1:20-CV-01175

Dear Judge Wilson:

Barley Snyder represents Plaintiffs Christopher and Heather Miller in the above-captioned matter. This correspondence serves to notify the Court of a discovery dispute that has arisen in this case. Specifically, Plaintiffs believe and aver that Defendants' discovery responses – both responses to Plaintiffs' Requests for Production of Documents served upon each Defendant and responses to Plaintiffs' Interrogatories served upon each Defendant are wholly deficient. The deficiencies are fully detailed in the attached May 27, 2022 correspondence to counsel. We requested that counsel serve proper responses within 10 days or we would proceed to notify the Court of these issues. To date, Defendants have failed to supplement the discovery responses or otherwise respond to the May 27, 2022 correspondence. As a result, per the Court's preferences, we are submitting this letter via ECF to request assistance from the Court. As the deadlines in this case are quickly approaching, Plaintiffs are being prejudiced by the inability to move forward with remaining depositions of Defendants' representatives. Thank you for your consideration. If you require anything further, do not hesitate to contact me

Very truly yours,

*/s/ Stephanie E. DiVittore/*

Stephanie E. DiVittore

cc: Matthew Pisano, Esquire (via ecf)

9709280.1



# Barley Snyder
## ATTORNEYS AT LAW

213 MARKET STREET, 12TH FLOOR
HARRISBURG, PA 17101
TEL (717) 231-6603  FAX (717) 344-5373
WWW.BARLEY.COM

**Stephanie E. DiVittore, Esquire**
Direct Dial Number: (717) 237-6781
E-mail: sdivittore@barley.com

May 27, 2022

**Via Email**

Matthew Pisano, Esquire
Pisano Law Firm
Eight Penn Center
1628 JFK Boulevard, Suite 1650
Philadelphia, PA 19103

Re:   Millers v. Thor Motor Coach, Inc. et al.

Dear Attorney Pisano:

This correspondence serves to address what we believe to be deficiencies with respect to the responses to discovery served on behalf of Defendants Thor Motor Coach, Inc. ("Thor") and Meyer's RV Sales, Inc. ("Meyer's") (

collectively "Defendants"). Specifically, we served Interrogatories and Requests for Production of Documents on behalf of Plaintiffs Heather and Christopher Miller on July 27, 2021. There were Interrogatories and Requests for Production of Documents directed to each Defendant. We believe the responses are wholly insufficient as follows:

**Thor Interrogatories**

Interrogatory No. 1 requested that Thor identify all individuals known to have knowledge or information relevant to the claims and defenses, as well as the facts to which each person has knowledge. The response simply references the document production and states "their respective knowledge/facts is more properly the subject of deposition." This is not an acceptable answer. It is a proper interrogatory for which Thor is required to provide a response.

Interrogatory No. 6 requested the names, employers and addresses of all persons utilized to perform warranty or service work on the RV. You raise objections and simply refer to the document production. We believe we are entitled to a response to the Interrogatory.

Interrogatory No. 8 directed to Thor sought information regarding the criteria Thor uses to approve dealerships to sell Your recreational vehicles. The response is an objection that the request is not reasonably calculated to lead to admissible evidence, is not proportional to the

9665971.1

needs of the case and seeks confidential and proprietary business practices. We believe this information, particularly with respect to the dealership at issue, is directly relevant to the case and an answer should be provided.

Interrogatory No. 9 directed to Thor sought information regarding the manner in which you address warranty complaints. You provided objections and then stated "[w]ithout waiver, all discoverable documents are attached hereto." As this matter involves warranty complaints from Plaintiffs, we believe a response is warranted, not simply a reference to the document production.

Interrogatory No. 10 sought information regarding warranty claims regarding other Thor Motor Coach Miramar 35.3 units sold from January 1, 2015. You provided no response, only objections. We believe the response to this Interrogatory is likely to lead to relevant evidence and properly discoverable in this case.

Interrogatory No. 11 sought information regarding consumer complaints received by Thor involving the dealership at issue. The only response was objections. We believe customer complaints to Thor regarding the dealership at issue is likely to lead to relevant evidence and properly discoverable.

Interrogatory No. 13 requested information regarding the warranty you provide to consumers, as well as the steps Thor takes to ensure the RVs sold are as warranted. Again, you note objections and reference the attached documents. The attached documents, however, do not provide any information regarding the steps Thor takes in the process to ensure the vehicles are as warranted. This information, we believe, is likely lead to relevant and admissible evidence and a response should be provided.

**Meyer's Interrogatories**

Interrogatory No. 1 requested that Meyer's identify all individuals known to have knowledge or information relevant to the claims and defenses, as well as the facts to which each person has knowledge. The response simply references the document production and states "their respective knowledge/facts is more properly the subject of deposition." This is not an acceptable answer. It is a proper interrogatory for which Thor is required to provide a response.

Interrogatory No. 6 requested the names, employers and addresses of all persons utilized to perform warranty or service work on the RV. You raise objections and simply refer to the document production. We believe we are entitled to a response to the Interrogatory.

Interrogatory No. 9 requested advertisements written or disseminated from 2015 through the present that contain statements or representations concerning the relationship between You and Thor. The response is, again, objections followed by reference to the documents. We do not believe that the responsive documents provide or contain this information and an answer to the Interrogatory is warranted.

Matthew Pisano, Esquire
May 27, 2022
Page 3

Interrogatory No. 11 directed to Meyer's sought information regarding the manner in which you address warranty complaints. You provided objections and then stated "[w]ithout waiver, all discoverable documents are attached hereto." As this matter involves warranty complaints from Plaintiffs, we believe a response is warranted, not simply a reference to the document production.

Interrogatory No. 12 sought information regarding warranty claims or complaints regarding other Thor Motor Coach Miramar 35.3 units sold from January 1, 2015. You provided no response, only objections. We believe this information is likely to lead to relevant evidence and properly discoverable in this case.

Interrogatory No. 14 requested information regarding the support Thor provides you at each phase, including sales, contract, finance and warranty. Again, you note objections and reference the attached documents. The attached documents, however, do not provide any information regarding the support Thor provides. We believe this request is likely lead to relevant and admissible evidence and a response should be provided.

Interrogatory No. 16 requested full detail regarding oral statements or written communications between Meyer's and Thor concerning the issues reported by the Plaintiffs. The response references the answer to Interrogatory 14 which contained objection and a reference to the "attached documents identifying sales, service, and warranty administration efforts and events." We believe that the Interrogatory is a pointed inquiry regarding directly relevant evidence in this case to which we are entitled to a response.

**Document Production**

With the responses to the interrogatories, you then provided "Thor Motor Coach's Responses to Notice to Produce" and "Meyer's RV Centers, LLC Responses to Notice to Produce." In the written responses to the document production, each party responds to No. 1 with an objection that it is overly broad, contains undefined terms, is harassing, creates undue burden and expense and is not proportional to the needs of the case. It also seeks information protected by the attorney client and/or work product privilege. Without waiver and in the spirit of cooperation, Answer [sic] Defendant attaches all responsive and discoverable document [sic] in their possession." The remaining numbered responses refer to response no. 1. You then provide 542 pages of documents labeled "Miller-TMC-Meyers". This document production is completely insufficient.

We are entitled, under the Federal Rules of Civil Procedure, to a complete document production from Thor, as well as a complete document production from Meyer's. The method by which these documents were produced provides no basis whatsoever to determine whether the documents were produced by Thor or Meyer's. We believe that, based upon the number of documents, it is clear that the complete files were not obtained from all representatives of Thor and Meyer's that were involved in the transaction. Deponents Ron Baker and Kayla Trent testified that neither was asked for documents or to search in the Thor system which would have documents regarding the RV at issue in this case. There are also photos of the RV that were

9665971.1

produced, but there is no indication whatsoever whether those were photos from Thor or Meyer's.

We believe and aver that there would have been documents in Thor's possession regarding the manufacture, order, sale and warranty of the RV, as well as documents in Meyer's possession, but only one copy is produced. With respect to email correspondence, moreover, there should have been searches for all emails regarding the matter from the Thor server, as well as the Meyer's server, and **all** emails from the respective servers should have been provided. There are less than 30 pages of email correspondence confirming neither Thor, nor Meyer's, performed a search for any and all email. This is highlighted by simple review of the Millers' document production which includes additional email correspondence related to this matter.

We request a response within 10 days, as the discovery deadline is approaching and we have additional representatives of Defendants to depose. To the extent that you are unwilling to remedy these defects, we will reach out to the Court per Judge Wilson's procedures to request a conference to address the same prior to any further depositions.

Very truly yours,

*[signature]*

Stephanie E. DiVittore

SED:

9665971.1